# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51045
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES ORLANDO MAJANO-CHICA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-146-1

Before BENAVIDES, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Andres Orlando Majano-Chica pleaded guilty to illegal reentry and was sentenced within the advisory guidelines range to 41 months of imprisonment. On appeal he claims his sentence is substantively unreasonable. According to Majano-Chica, U.S.S.G. § 2L1.2 lacks an empirical basis and results in the double-counting of a criminal record. As well, Majano-Chica maintains that his sentence is greater than necessary to fulfill the statutory sentencing goals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for his reentry offense and does not account for the fact that he reentered the country to escape danger and rejoin his wife.

We have rejected Majano-Chica's theories that § 2L1.2's lack of empirical foundation necessarily renders its application unreasonable, *see Mondragon-Santiago*, 564 F.3d at 366-67, that the Sentencing Guidelines "double count" prior convictions, s*ee United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009), and that the Guidelines overstate the seriousness of illegal reentry, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Majano-Chica's argument that within-guidelines sentences calculated under § 2L1.2 should not be presumed reasonable on appeal because § 2L1.2 lacks an empirical basis is foreclosed, as he concedes.  *See Duarte*, 569 F.3d at 530-31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  Majano-Chica can rebut the presumption of reasonableness only by showing that the sentence fails to account for a factor that should receive significant weight, gives significant weight to an improper or irrelevant factor, or represents a clear error of judgment in balancing the factors.  *See United States v. Tuma*, 738 F.3d 681, 695 (5th Cir. 2013).

The district court heard the parties' positions, considered the 18 U.S.C. § 3553(a) factors, and concluded that the sentence was appropriate.  Majano-Chica has not shown that his sentence failed to account for his fear of returning to El Salvavdor and sympathetic motive for reentry or that the court made a clear error judgment in weighing the factors.  Because Majano-Chica has not rebutted the appellate presumption that his within-guidelines sentence was reasonable or demonstrated that his sentence is the result of an abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007), the judgment is AFFIRMED.